UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MINNIE KONG, } | | |
| ON BEHALF OF HERSELF AND } | | |
| ALL OTHERS SIMILIARLY SITUATED, } | | |
| **}** | | |
| Plaintiff, } | Civil Action, File No. | |
| v } | 1:17-cv-3514 | |
| } | | |
| LINDA STRUMPF AND } | | |
| U.S. EQUITIES CORP. } | | |
| } | | |
| Defendants. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Minnie Kong [hereinafter "Kong"] on behalf of herself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Linda Strumpf [hereinafter "Strumpf"] and U.S. Equities Corp. [hereinafter "US Equities"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on each Defendant's regular transaction of business within this district.  Venue in this district also is proper based on US Equities possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Each Defendant also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Kong is a natural person who resides at 163 Mott Street, Apt. 3, New York, NY 10013.

6. Kong is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. US Equities is a New York Domestic Business Corporation with a principal place of business located at 244 Colonial Road, New Canaan, CT 06840.

8. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors.

9. US Equities possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. Exhibit A indicates that US Equities is the assignee of Kong's original creditor.

11. Based upon the allegations in the above three paragraphs, the principal purpose of US Equities is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another; and US Equities is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Strumpf is an attorney with a place of business in New York located at 69 Fox Run, South Salem, NY 10590 and with a principal place of business at 244 Colonial Road, New Canaan, CT 06840.

13. The principal purpose of Strumpf is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and she regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Strumpf is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. On or about May 13, 2016, Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, issued the Income Execution annexed as Exhibit B to the Marshal for service on Kong in an attempt to enforce a Judgment obtained by Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities. As shown by Exhibit A, the Marshal served the Income Execution on Kong.

16. Via Exhibit A and B, Exhibit B was an attempt to enforce a Judgment obtained as a result of lawsuit which was based upon Plaintiff, as an individual, being issued a credit card account for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. Neither Exhibit A nor B indicates that credit account was in the name of a business or labeled as a business account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FIRST CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

18. Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, filed a lawsuit against Kong on behalf of US Equities when US Equities had no standing or legal

right to file the lawsuit or obtain a Judgment against Kong based on the lack of proper notice of assignments of the debt and/or an inability to produce a complete chain of title.

19. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

## SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

21. Based on the allegations set forth in the First Cause of Action, the Judgment obtained as a result of the aforementioned lawsuit against Kong was void; and therefore, Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, had no legal right to maintain the Judgment and/or issue the Income Execution annexed as Exhibit B to the Marshal for service on Kong in an attempt to enforce a Judgment obtained by Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities.

22. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

## THIRD CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

24. Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, did not fulfill her legal obligation to conduct a meaningful attorney review before she began to attempt to attempt to enforce the Judgment and did not fulfill her legal obligation to

conduct a meaningful attorney review before signing and issuing the aforementioned Income Execution.

### FOURTH CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

26. As a result of the filing of the lawsuit against Kong and/or as a result of the issuance of the aforementioned Income Execution, Defendants violated 15 USC 1692g.

### FIFTH CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

28. The aforementioned lawsuit, the aforementioned Income Execution, and/or the Opposition filed by Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, to Kong's motion to vacate the aforementioned Judgment amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 USC 1692e(10).

### SIXTH CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

30. The aforementioned lawsuit, the aforementioned Income Execution, and/or the Opposition filed by Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, to Kong's motion to vacate the aforementioned Judgment amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

32. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

33. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

34. The predominant common question is whether Defendant's letters violate the FDCPA.

35. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

36. A class action is the superior means of adjudicating this dispute.

37. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      May 11, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709