```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MINNIE KONG,
ON BEHALF OF HERSELF                                            Case No. 1:17-cv-3514 (RJS)
AND ALL OTHERS SIMILARLY SITUATED,

                                Plaintiff,

        -against-

LINDA STRUMPF AND
U.S. EQUITIES CORP.,

                                Defendants.
-------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**KAUFMAN DOLOWICH & VOLUCK, LLP**
*Attorneys for Defendants*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: (516) 681-1100
Facsimile: (516) 681-1101

On the brief:
   Brett A. Scher, Esq.
   Adam M. Marshall, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND ................................................................................................. ...1

    A.    The Collective Action ................................................................................................ 1

    B.    The Information Subpoena ........................................................................................ 2

    C.    The Income Execution ............................................................................................... 3

    D.    The Motion to Vacate the Judgment .......................................................................... 3

    E.    The FDCPA Action ................................................................................................... 4

ARGUMENT ........................................................................................................................... ..4

POINT I
THE COMPLAINT IS TIME-BARRED
BY THE STATUTE OF LIMITATIONS ................................................................................ 4

POINT II
KONG'S CLAIM IS DISTINGUISHABLE FROM
THAT ASSERTED IN McCROBIE ........................................................................................ 8

POINT III
KONG IS NOT ENTITLED TO EQUITABLE TOLLING ..................................................... 10

POINT IV
THE AMENDED COMPLAINT FAILS TO
STATE A VIABLE FDCPA CLAIM ....................................................................................... 11

CONCLUSION ......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

Briscoe v. Cohen, McNeile & Pappas, P.C.,
2014 U.S. Dist. LEXIS 139786, at *20 (D. Kans. Oct. 1, 2014)..................................................11

Calka v. Kucker, Kraus & Bruh, LLP,
1998 U.S. Dist. LEXIS 11868 (S.D.N.Y. Aug. 3, 1998)................................................................5

Ellul v. Congregation of Christian Bros.,
774 F.3d 791 (2d Cir. 2014).........................................................................................................10

Gallego v. Northland Group, Inc.,
814 F.3d 123 (2d Cir. 2016).........................................................................................................12

McCrobie v. Palisades Acquisition XVI, LLC,
664 Fed. Appx. 81 (2d. Cir. 2016).......................................................................................8, 9, 10

Oliver v. U.S. Bancorp.,
2015 U.S. Dist. LEXIS 88713, at *8 (S.D.N.Y. July 8, 2015) ......................................................6

Schuh v. Druckman & Sinel, L.L.P.,
602 F. Supp. 2d 454 (S.D.N.Y. 2009))..........................................................................................4

Scott v. E. Hope Greenberg,
2017 U.S. Dist. LEXIS 50822 (E.D.N.Y. Mar. 31, 2017).........................................................4, 6

Scott v. Kelkris Assocs., Inc.,
2012 U.S. Dist. LEXIS 40385, at *14 (E.D. Cal. Mar. 23, 2012) ...............................................12

Sierra v. Forster & Garbus,
48 F. Supp. 2d 393 (S.D.N.Y. 1999)..........................................................................................6, 8

Sykes v. Mel Harris & Assocs., LLC,
757 F. Supp. 2d 413 (S.D.N.Y. 2010).........................................................................................11

Thurow v. Prof'l Fin. Co.,
2017 U.S. Dist. LEXIS 103774, at *12 (D. Col. July 5, 2017)....................................................11

**Statutes and References**

Fair Debt Collections Practices Act §§1692e ............................................................4, 5, 9, 11, 12

Fair Debt Collections Practices Act §§1692f, ................................................................4, 5, 11, 12

**PRELIMINARY STATEMENT**

Defendants Linda Strumpf ("Strumpf") and U.S. Equities Corp. ("U.S. Equities") (collectively, the "Defendants"), by their attorneys Kaufman Dolowich & Voluck, LLP, respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint of plaintiff Minnie Kong ("Plaintiff" or "Kong") pursuant to Rule 12(b)(6) or, alternatively, Rule 56, of the Federal Rules of Civil Procedure.[1] As demonstrated herein, dismissal is appropriate because Kong's sole cause of action under the Fair Debt Collection Practices Act ("FDCPA") is time-barred and because the Amended Complaint fails to state a viable claim for relief under the FDCPA.

**FACTUAL BACKGROUND**

**A.     The Collection Action**

On or about January 12, 2004, Strumpf, as the attorney for U.S. Equities, filed an action against Kong in the Civil Court of the City of New York, New York County, titled U.S. Equities Corp. v. Minnie Kong, Index No. CV-18653-04/NY (the "Collection Action"). The purpose of the Collection Action was to collect a delinquent credit card debt owed by Kong. U.S. Equities purchased the debt on December 3, 2003. (Am. Compl. at ¶ 20; Defs. 56.1 at ¶¶ 1-2).[2]

As reflected in the Affidavit of Service filed in the Collection Action, the process server retained by Strumpf served Kong with copies of the Summons and Complaint on or about March 1, 2004 via delivery to a person of suitable age and discretion at 27 Essex Street, Apt. 4, New York, NY 10002 ("27 Essex St.") as well as a subsequent first-class mailing to the same address. 27 Essex St. was believed to be Kong's usual place of abode at the time. (Defs. 56.1 at ¶ 3).

---

[1] A copy of the Amended Complaint (the "Am. Compl.") is attached to the accompanying Declaration of Brett A. Scher as Exhibit "A".

[2] The "Defs. 56.1" refers to the accompanying Rule 56.1 Statement of Material and Undisputed Facts. The Rule 56.1 Statement incorporates citations to the Declaration of Linda Strumpf.

1

On or about July 15, 2004, with no Answer to the Complaint having been interposed by Kong, Strumpf submitted an application for the entry of a default judgment in the Collection Action (the "Default Application"). Thereafter, on July 30, 2004, a money judgment was entered in favor of U.S. Equities, and against Kong, in the amount of $21,739.97 (the "Judgment"). (Am. Compl. at ¶ 23; Defs. 56.1 at ¶¶ 5-6).

**B.     The Information Subpoena**

On or about March 24, 2016, Strumpf, still acting as the attorney for U.S. Equities, served an information subpoena on Kong's then-employer, Brofish LLC (d/b/a Blue Ribbon Sushi Bar and Grill) (the "Information Subpoena"). The Information Subpoena bore the caption of the Collection Action, referenced the Judgment, and sought information relative to enforcing the Judgment against Kong. (Defs. 56.1 at ¶¶ 7-8). Kong's employer forwarded the Information Subpoena to Kong within days of receipt. (Defs. 56.1 at ¶ 9).

At some point on or before April 18, 2016, Kong retained attorney Vincent Wong to represent her. By letter dated April 18, 2016, Mr. Wong contacted Strumpf to inform her that his law firm had been retained to represent Kong with respect the Judgment entered against her in the Collection Action. The letter was signed by both Mr. Wong and Kong herself. In the letter, Mr. Wong noted that Kong's employer had provided her with the Information Subpoena (with accompanying cover letter) that Strumpf had served weeks earlier, and enclosed a copy for reference. Mr. Wong also noted that "[w]e would like to work [to] settle this matter with your office if the debt is [Kong]'s debt…" (Am. Compl., Exhibit "C"; Defs. 56.1 at ¶¶ 10-13).

On or about April 26, 2016, Strumpf sent a responsive letter to Mr. Wong enclosing a copy of the final credit card statement issued to Kong for the underlying debt, as well as a copy of the bill of sale memorializing U.S. Equities' acquisition of the debt in December 2003. (Defs. 56.1 at ¶ 14).

2

### C.    The Income Execution

Having received no further communication from Wong or Kong, on or about May 13, 2016, Strumpf, acting as the attorney for U.S. Equities, issued an income execution to the City Marshal for the City of New York for service upon Kong and Kong's employer, the Blue Ribbon Sushi Bar and Grill (the "Income Execution"). The Income Execution bore the caption of the Collection Action and sought to enforce the Judgment. (Am. Compl. at ¶ 15, Exhibit "B"; Defs. 56.1 at ¶ 15).

On or about May 27, 2016, the City Marshal served Kong with the Income Execution and a Notice of Garnishment. (Am. Compl. at ¶ 27, Exhibit "B"; Defs. 56.1 at ¶ 17).

### D.    The Motion to Vacate the Judgment

On or about July 7, 2016, Kong, represented by a new attorney, Simon Goldenberg of Simon Goldenberg PLLC, appeared in the Collection Action and moved by order to show cause to vacate the Judgment (the "Motion to Vacate"). In support of the Motion to Vacate, Kong submitted an affidavit wherein she claimed, *inter alia*, that she had never been properly served with the Summons and Complaint in the Collection Action. More specifically, Kong averred that she did not reside at 27 Essex St. (the place of service) on March 1, 2004 and did not learn of the existence of the Collection Action and the Judgment until "in or about April of 2016," when she received the Information Subpoena from her employer. (Am. Compl., Exhibit "C"; Defs. 56.1 at ¶¶ 18-20).

On or about September 29, 2016, Kong and U.S. Equities, by and through their respective counsel entered into a Stipulation of Settlement wherein Kong agreed to pay, and U.S. Equities agreed to accept, the sum of $7,875.00 in satisfaction of the Judgment. (Defs. 56.1 at ¶ 21). On or about October 27, 2016, Kong and U.S. Equities executed a stipulation vacating the Judgment

3

and discontinuing the Collection Action with prejudice. The stipulation was filed with the Civil Court clerk on November 2, 2016. (Defs. 56.1 at ¶ 22).

E. **The FDCPA Action**

Kong commenced this action by the filing of her original Complaint on May 11, 2017. (Defs. 56.1 at ¶ 23). In her Amended Complaint, filed on November 6, 2017, she asserts one (1) cause of action under the FDCPA.

## ARGUMENT

## POINT I

## THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In addition, where a plaintiff claims to allege multiple acts which violated the FDCPA, "some occurring before and others occurring after the statute of limitations has expired, a court must determine if the non-time-barred allegations are new and independent FDCPA violations." Scott v. E. Hope Greenberg, 2017 U.S. Dist. LEXIS 50822, at *12 (E.D.N.Y. Mar. 31, 2017). A plaintiff "cannot revive the statute of limitations period by complaining about a later act in furtherance of [a] time-barred act . . . [where] there was no separate violation of the FDCPA." Id. (quoting Schuh v. Druckman & Sinel, L.L.P., 602 F. Supp. 2d 454, 466 (S.D.N.Y. 2009)).

This case offers a textbook example of a plaintiff complaining about "a later act in furtherance of a time-barred act" in order to avoid the statute of limitations. At no point in the Amended Complaint does Kong identify any discrete flaws in the May 13, 2016 Income Execution (the only alleged act that occurred within the 1 year statute of limitations period). Rather, Kong simply contends that Defendants' issuance of the Income Execution violated sections 1692e and 1692f of the FDCPA *solely* because the underlying Judgment (entered in

4

2004) was supposedly invalid or "void" for lack of personal jurisdiction and "[t]here is no legal right or authority to issue an Income Execution unless it is issued to enforce a valid Judgment." (See Compl. at ¶¶ 24-25). Thus, by Kong's own allegation, any alleged "misleading representation" for purposes of §1692e or "unfair and unconscionable" conduct for purposes §1692f necessarily dates back to the date the "void" Judgment was entered in July of 2004 purportedly based, in part, on the representation that Kong had been properly served with the Summons and Complaint in the Collection Action. Kong all but concedes this point in the Amended Complaint:

> 22. Since Kong never was served in the State Court Action as required by New York State Law, Kong defaulted in answering or otherwise responding to the State Court Action.
>
> 23. Subsequent to and as a result of Kong's aforementioned default, Strumpf, on behalf of and as the attorney and "debt collector" for US Equities, obtained a default Judgment against Kong in the State Court Action.

(Am. Compl. at ¶¶ 22-23) (emphasis added). Accordingly, *any* FDCPA claim Kong ever had based on the alleged invalidity of the Judgment expired no later than 2005.

This result is in line with nearly two decades' worth of precedent emanating from district courts within the Second Circuit. As an initial matter, courts in this Circuit have consistently held that a plaintiff cannot state a timely FDCPA claim merely by attacking the most recent communication or filing made in connection with the commencement or continued prosecution of a debt collection lawsuit, where the defendant made the same alleged misrepresentation or used the same "unconscionable means" in an earlier communication or filing beyond the one-year limitations period. In Calka v. Kucker, Kraus & Bruh, LLP, 1998 U.S. Dist. LEXIS 11868 (S.D.N.Y. Aug. 3, 1998), for example, Judge Sweet rejected the plaintiff's argument that an amended complaint and summary judgment motions filed by the defendant in a landlord-tenant action amounted to new FDCPA violations, where the substantive basis for the plaintiff's claim

5

was the defendant's demand for (allegedly) excessive rent and legal fees, and the same demand had been included in the defendant's original complaint. Because the plaintiff failed to "allege that the amended complaint and summary judgment motions contained any new misrepresentation of the amount due not in the original complaint," the court concluded that the plaintiff "was therefore on notice of the misrepresentation and unconscionable debt collection means when the State Action was filed, and it was at that time that the violation accrued." Id. at *9. See Sierra v. Forster & Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (rejecting argument that subsequent communications relating to time-barred violation constituted "independent" FDCPA violations themselves); Oliver v. U.S. Bancorp., 2015 U.S. Dist. LEXIS 88713, at *8 (S.D.N.Y. July 8, 2015) ("That some of the alleged misrepresentations in the Foreclosure Action Complaint were repeated in subsequent state court filings does not amount to a new violation of the FDCPA and does not restart the statute of limitations.").

The same reasoning has been applied in the specific context of post-judgment enforcement activities. For instance, in Scott v. E. Hope Greenberg, 2017 U.S. Dist. LEXIS 50822 (E.D.N.Y. Mar. 31, 2017), the plaintiff alleged that the defendant violated the FDCPA by, among other things, fraudulently obtaining a default judgment against plaintiff in New York state court without ever serving plaintiff with the summons and complaint and then issuing an income execution to the plaintiff's employer for the purpose of enforcing the default judgment. Id. at *7-8, *11-12. Although the plaintiff eventually conceded that her FDCPA claims relating to the entry of the default judgment were time-barred absent tolling (her FDCPA complaint was filed more than a year after the judgment was entered in state court), she maintained that the issuance of the income execution qualified as an independent violation of the FDCPA which occurred within the one-year limitations period. Id. at *11. Judge Brodie disagreed:

>Here, Plaintiff filed suit on September 23, 2015. Thus, only acts that accrued on or after September 23, 2014 are timely. **Although Plaintiff's claim is predicated on an income execution that took place in February of 2015, Plaintiff is alleging that because Russel, on behalf of [Defendant], lied to her in February of 2014, Plaintiff did not appear in the action, and therefore the subsequent enforcement of the default judgment through the income execution violates the FDCPA.** As pled, Plaintiff does not allege that the income execution, in and of itself, or [Defendant]'s utilization of judgment collection remedies violates the FDCPA.
>
>Rather, the only alleged FDCPA violation as to the income execution – the misrepresentation by Russel – occurred outside of the statute of limitations and, accordingly, Plaintiff's claim is not timely.
>
>**Stated differently, Plaintiff cannot rely on distinct dates of accrual for the same unrepeated fraudulent conduct – the misrepresentation by Russel – in order to bring the otherwise time-barred false statement within the statute of limitations by arguing that the fraud carries through to the income execution.**

Id. at *13-15 (internal citations omitted) (emphasis added).

The parallels between the foregoing decisions and the instant case are impossible to ignore. Here, as in Scott, Kong's FDCPA claim is based on an alleged misrepresentation as to service of process which allowed for the entry of the Judgment in the Collection Action that occurred **in 2004** – well over a decade beyond the applicable limitations period. While Defendants' post-judgment enforcement activities subsequent to that time may be relevant to the question of when Kong discovered that she might have an FDCPA claim relating to the Judgment, those activities have no bearing on when the substantive FDCPA violation occurred, and when the claim first accrued, for statute of limitations purposes.

Further, even assuming that Kong could otherwise state an independent FDCPA claim based on Defendants' attempt to "enforce" the Judgment in 2016, separate and apart from "obtaining" the Judgment in 2004, there is absolutely no basis under the alleged facts to distinguish between the transmittal of the Income Execution and the transmittal of the Information Subpoena that preceded it. As previously noted, the Information Subpoena was

7

issued to Kong's employer in late March 2016. Kong repeatedly admits that she received the Information Subpoena and retained counsel to represent her with respect to the "void" Judgment no later than April 18, 2016 – outside the statute of limitations. Her FDCPA claims are time-barred.

Inasmuch as the Income Execution did not differ from the Information Subpoena in, as Kong claims, representing that the Judgment was valid when Plaintiff contends it was "void", it cannot be used to extend the limitations period on any hypothetical FDCPA claim arising from the "enforcement" of the "void" Judgment. To hold otherwise would open the door to the very sort of "continuing" FDCPA violation theories that Second Circuit courts have rejected in the past. See e.g., Sierra, 48 F. Supp. 2d at 395 ("If plaintiff's theory were correct . . . his cause of action could be kept alive indefinitely because each new communication would start a fresh statute of limitations.").

Accordingly, the Amended Complaint should be dismissed as time-barred under the FDCPA's one-year statute of limitations.

## POINT II

## KONG'S CLAIM IS DISTINGUISHABLE FROM THAT ASSERTED IN McCROBIE

In her pre-motion opposition letter, Kong suggested that the Second Circuit's summary order in McCrobie v. Palisades Acquisition XVI, LLC, 664 Fed. Appx. 81 (2d. Cir. 2016) supported her position that the statute of limitations on her alleged FDCPA claim did not accrue until the Income Execution was issued on May 13, 2016. We assume Kong was referring to the Second Circuit's statement that "a plaintiff's FDCPA cause of action cannot begin to run before the alleged violations themselves were committed…" Id. at 84.

This reliance on McCrobie is misplaced. In McCrobie, the plaintiff had been sued in a state court collection action brought by Centurion Capital Corporation ("Centurion") in 2006.

8

The state action resulted in a default judgment being entered against the plaintiff, and in favor of Centurion, in 2007. McCrobie v. Palisades Acquisition XVI, LLC, 2016 U.S. Dist. LEXIS 39435, at *3 (W.D.N.Y. Mar. 24, 2016). Over seven (7) years later, in October 2014, plaintiff's employer was served with an income execution identifying Palisades Acquisition as the assignee of Centurion's judgment. The income execution was served by Palisades' attorney, Houslanger & Associates. Id. at *4. The plaintiff then brought an FDCPA action against Palisades and Houslanger, alleging: (a) that he had he had never been served with the required notice that the underlying state court judgment had been assigned to Palisades; and (b) that the defendants' attempt to collect on the judgment in the absence of proof of assignment was a misleading representation under § 1692e of the FDCPA. Id. at *7.

The defendants moved to dismiss the plaintiff's FDCPA claim as untimely on the ground that the claim accrued no later than the entry of the default judgment in the state action in 2007, even though Palisades and Houslanger: (a) had nothing to do with the entry of the default judgment by Centurion (who was represented by another law firm); and (b) took no action at all with respect to the judgment until 2014. 664 Fed. Appx. at 84. Thus, the defendants were arguing that the statute of limitations expired years before they even undertook any action with respect to the state court judgment. *That* is the argument the Second Circuit rejected in its summary order.

This case is far different. First, the instant case does not involve a change in parties or attorneys. U.S. Equities was the plaintiff during the entirety of the Collection Action and remained so through the issuance of the Income Execution. Nor was there a change in counsel. Strumpf was the attorney for U.S. Equities in the Collection Action and remained so through the issuance of the Income Execution. Second, whereas the FDCPA claims in McCrobie attacked conduct that necessarily occurred after the entry of the default judgment, Kong's allegations

9

concerning the lack of proper service all necessarily date back to Defendants' "conduct" in obtaining the Judgment in 2004.

Moreover, the plaintiff in McCrobie was challenging Palisades' and Houslanger's *first attempt* to enforce the underlying judgment. On the contrary, in this case, as previously discussed, Defendants had issued the Information Subpoena weeks before issuing the Income Execution. To the extent Kong even had a cognizable FDCPA claim based on the "enforcement" of a "void" judgment, her claim necessarily accrued with the issuance of the Information Subpoena – when Kong was "on notice" that defendants were attempting to enforce a "void" Judgment. This is exactly why Kong retained counsel to represent her at that point.

For all these reasons, McCrobie does nothing to help Kong's case. The Amended Complaint should be dismissed as untimely.

## POINT III

## KONG IS NOT ENTITLED TO EQUITABLE TOLLING

Lest Kong suggest otherwise, she is not entitled to an equitable tolling of the FDCPA's one-year statute of limitations. To qualify for equitable tolling, a plaintiff must show (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in the way of bringing a lawsuit. Ellul v. Congregation of Christian Bros., 774 F.3d 791, 801 (2d Cir. 2014). Here, the evidence conclusively demonstrates a lack of diligence on Kong's part. Even assuming that Kong was unaware of the existence of the Collection Action and the Judgment before 2014, she was admittedly on notice of their existence no later than April 18, 2016. (Defs. 56.1 at ¶¶ 9-13). Yet, despite that knowledge, and despite being continuously represented by counsel through at least October 2016 (Defs. 56.1 at ¶ 22), Kong failed to commence her FDCPA action until more than a year after her admitted receipt of the Information Subpoena and retention of counsel. Accordingly, the extraordinary remedy of equitable tolling is unavailable.

See e.g., Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010) (plaintiff alleging FDCPA violation based on intentional sewer service not entitled to equitable tolling where she acknowledged receiving copy of the summons and complaint in the mail).

## POINT IV

## THE AMENDED COMPLAINT FAILS TO STATE A VIABLE FDCPA CLAIM

Kong's Amended Complaint should also be dismissed because it fails to state a cognizable claim under the FDCPA. As noted above, Kong's theory of FDCPA liability rests on the proposition that any act to enforce a "void" judgment necessarily violates §§1692e and 1692f of the FDCPA. (See Am. Compl. at ¶¶ 25, 29). Yet the only reason the subject Judgment was "void," according to Kong, is because Kong was (allegedly) never served with the Summons and Complaint in the Collection Action. (Id. at ¶ 22). Kong never alleges that the process server's supposed non-service was intentional, or even that Strumpf or U.S. Equities knew Kong did not reside at 27 Essex St. in March of 2004. In essence, Kong is asking this Court to hold that any defect in service of process – no matter how innocent – can give rise to FDCPA liability for misleading or unconscionable conduct in connection with the collection of a debt.

We know of no court that has adopted such a theory. And while there appear to be few cases directly on point, the courts that have weighed in on this issue have rejected the rule Kong is advocating here. See e.g., Thurow v. Prof'l Fin. Co., 2017 U.S. Dist. LEXIS 103774, at *12 (D. Col. July 5, 2017) ("No court has held that debt collectors are liable under the FDCPA for honest mistakes... "[E]ven when there is evidence that the service address is incorrect, the debtor must allege that the debt collector failed to serve the debtor and filed a fraudulent affidavit attesting to service for the purpose of receiving a default judgment against the debtor."); Briscoe v. Cohen, McNeile & Pappas, P.C., 2014 U.S. Dist. LEXIS 139786, at *20 (D. Kans. Oct. 1, 2014) ("The failure to serve plaintiff at the correct address rendered the [default] judgment null, .

11

. . [b]ut these allegations do not state a claim under the FDCPA for . . . using false, deceptive or misleading misrepresentations or means in violation of 15 U.S.C. §1692e, or using unfair or unconscionable means in violation of 15 U.S.C. §1692f."); Scott v. Kelkris Assocs., Inc., 2012 U.S. Dist. LEXIS 40385, at *14 (E.D. Cal. Mar. 23, 2012) (finding no violation of the FDCPA based on defective service where defendant "made an honest and good faith attempt" to serve the plaintiff with process only to learn later that service was defective).

Moreover, while the Second Circuit has not opined on this precise issue, we note that Kong's theory of FDCPA liability appears to squarely contradict the Second Circuit's pronouncement that "there is no indication that Congress intended for §§ 1692e(10) and 1692f to incorporate state or local-law standards of conduct." Gallego v. Northland Group, Inc., 814 F.3d 123, 127 (2d Cir. 2016). Taken to its logical conclusion, the rule advanced by Kong would make noncompliance with CPLR 308 into a *per se* FDCPA violation. This cannot be the law.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that this Court grant its motion to dismiss the Amended Complaint with prejudice pursuant to Rule 12(b)(6) or, alternatively, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Dated: Woodbury, New York
December 15, 2017

KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendants*
135 Crossway Park Drive – Suite 201
Woodbury, New York 11797
(516) 681-1100