UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINNIE KONG,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>                            Plaintiff,<br>     v<br><br>LINDA STRUMPF AND<br>U.S. EQUITIES CORP.<br><br>                          Defendants. | Civil Action, File No.<br>1:17-cv-3514-RJS |

**MEMORANDUM OF LAW IN OPPOSITION**

**VIABILITY OF CAUSE OF ACTION**

      Plaintiff believes it makes sense for this court to examine the viability of the Amended Complaint before it analyzes Defendants' statute of limitations argument. The reason for this is as follows: The Amended Complaint alleges that Defendants violated the FDCPA solely based on the issuance of the Income Execution on May 13, 2016; and Defendants do not argue that this action was filed outside the statute of limitations as regards any FDCPA violation which resulted solely from the issuance of the Income Execution itself. Therefore, if this court finds that the Amended Complaint sets forth a viable cause of action based solely on the issuance of the Income Execution on May 13, 2016, it will show that the Amended Complaint is based on a violation within the statute of limitations separate and discrete from any violations or facts that occurred outside the statute of limitations.

      State law governs the right of a party to enforce or collect a debt. See <u>Midland Funding, LLC v. Johnson</u> 581 U.S. ____ at 3 and 6 (2017) and <u>Travelers Cas. & Sur. Co. of Am. V. Pacific Gas & Elec. Co.</u>, 549 U.S. 443, 450-451, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

      Under New York State law, if a party is not properly served with a lawsuit, the court

never had jurisdiction over the party and any Judgment issued against such a party is void. See

*Malone v. Citarella*, 7 A.D.2d 871, 182 N.Y.S.2d 200 (N.Y.A.D. 2 Dept., 1959):

> "Lack of jurisdiction renders the judgment utterly void and unavailable for any purpose, and the want of jurisdiction may always be set up, collaterally or otherwise. Kamp v. Kamp, 59 N.Y. 212, 216; Matter of Rudgers, 250 App.Div. 359, 294 N.Y.S. 142. Respondent was not entitled to an order to issue execution as a matter of right under sections 651 and 652 of the Civil Practice Act. Satisfactory proof must be presented showing that the judgment was properly obtained and is unpaid and unsatisfied. Matter of Rand, 273 App.Div. 859, 76 N.Y.S.2d 670; Van Decar Harmon Co. v. Stickles, Co.Ct., 48 N.Y.S.2d 251. The holding in Matter of Molnar, 253 App.div. 895, 1 N.Y.S.2d 866 that Special Term had no discretion to deny the motion was based on judgments properly obtained. In view of the void judgment appellants were not required to move to vacate the judgment. Latham v. Edgerton, 9 Cow. 227; Dutton v. Smith, 10 App.Div. 566, 42 N.Y.S. 80; and Ferguson v. Crawford, 70 N.Y. 253."

See also *Wiberg v. Wiberg*, 145 N.Y.S.2d 785, 1 Misc.2d 431 (N.Y.Sup., 1955):

> "Accordingly, the defendant is entitled to vacate the judgment entered against him since the defect in the service of process hereinbefore referred to was jurisdictional and any judgment entered was void and not voidable merely. Issem v. Slater, 262 App.Div. 59, 27 N.Y.S.2d 871."

See further *McCord v. Larsen*, 2015 NY Slip Op 7722 (N.Y. App. Div., 2015):

> "[i]f jurisdiction is found to be lacking, the default judgment, as well as all subsequent proceedings, would be rendered null and void" (*State of New York Higher Educ. Servs. Corp. v King*, 232 AD2d 842, 843 [1996]; *see Roberts v Anka*, 45 AD3d 752, 753 [2007], *appeal dismissed* 10 NY3d 851 [2008]).

In fact, Defendants' Memorandum of Law does not argue that the Judgment was not void on the date of the Income Execution. Furthermore, as set forth in paragraph 22 of Defendants' Rule 56.1 Statement, Defendants entered into a stipulation vacating the Judgment.

There is no legal right to take any action to enforce such a Judgment. See *Malone*, supra and *McCord*, supra.

Based on the above, as alleged in the Amended Complaint, Defendants had no legal right to issue the May 13, 2016 Income Execution.  If Defendants had no legal right to issue the May 13, 2016 Income Execution, then as alleged in the Amended Complaint, Defendants violated one or more provisions of the FDCPA such as 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692f.

As regards 15 U.S.C. § 1692e(5), see *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, FN. 1 (2nd Cir., 2015):

> "debt collectors violate the FDCPA by taking or threatening to take legal action where recovery is precluded as a matter of law, *see* 15 U.S.C. § 1692e(5)."

See also *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP* 16-2165-cv (2nd Cir., 2017):

> "Our holding is consistent with section 1692e, which prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken." 15 U.S.C. § 1692e(5). It is unlikely that Congress would prohibit threatening to take an illegal action while permitting the additional step of actually taking the illegal action. See Currier, 762 F.3d at 535-36 (holding that under section 1692e, alleged illegal conduct "can also fairly be characterized as a threat to take [that illegal action]")."

See further *Seabrook v. Onondaga Bur. of Medical Economics*, 705 F. Supp. 81 (NDNY, 1989):

> "Consequently, because the May 18, 1988, letter did not accurately reflect the state of New York garnishment law at the time it was sent, the court finds that that letter violated § 1692e(5) in that OMBE was not legally entitled to satisfy any judgment that might have been obtained against plaintiff by executing on his income in an amount up to 10% of his gross weekly wages.  In the affidavit submitted by OMBE's counsel in support of this motion, she enumerates several "evidentiary facts" which she claims support the motion, including *86 the fact that, "the defendant intended to take this action against the plaintiff to collect the debt." Farrell Affidavit at par. 3(B). Thus, it is undisputed that OMBE intended to take the legal action threatened in the letter. As just discussed, though, OMBE nevertheless violated the first part of § 1692e(5) in that it threatened to take action which it could not legally take.  In sum, OMBE's motion for summary judgment on this issue is denied. Plaintiff's cross-motion is granted, however, because the threat to take legal action which could not legally be taken violates § 1692e(5) and such violation is a *per se* violation of the FDCPA. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir.1985) ("[S]ubsection (5) requires proof of fact which amounts to a *per se* violation of section 1692(e)."); *Riveria v. Mab*

*Collections, Inc.,* 682 F.Supp. 174, 178 (W.D.N. Y.1988) ("The court need only decide whether the alleged threatened actions could not legally be taken or were not intended to be taken.")"

As regards 15 U.S.C. § 1692f, see *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP* 16-2165-cv (2nd Cir., 2017):

> "Section 1692f prohibits debt collectors from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Like its counterpart, section 1692e, section 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt and taking or threatening to take non-judicial action to effect the dispossession of property without a legal right to do so. Id."

See also *Okyere v. Palisades Collection*, *LLC* (*Okyere II*), 961 F. Supp. 2d 522, 530 (S.D.N.Y. 2013) in which the court found that removing money from a bank in violation of a court order and refusing to return the funds removed in violation of that court order sufficiently stated a claim under section 1692f.

Contrary to Defendants argument, this case is not akin to *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 93 Fed.R.Serv.3d 1486 (2nd Cir., 2016).  In *Gallego*, the Second Circuit dismissed the case for the following reason:

> "We agree with the district court that Gallego fails to state a claim under the FDCPA. The complaint can be read as asserting two alternative theories of FDCPA liability: either that the prohibitions of §§ 1692e(10) and 1692f against "false representation[s,] deceptive means" and "unfair or unconscionable means" in effect incorporate the New York City Administrative Code's provisions on debt collection agencies, or that failing to include a call-back name is itself "deceptive" or "unfair or unconscionable," under the plain meaning of those terms.  Neither theory has merit. As to the first, there is no indication that Congress intended for §§ 1692e(10) and 1692f to incorporate state-or local-law standards of conduct. On the contrary, the FDCPA expressly contemplates the existence of state laws that offer protections to consumers that go beyond the FDCPA itself. The section entitled "[r]elation to State laws" provides that the FDCPA preempts state laws to the extent that they are "inconsistent" with the FDCPA, and further clarifies that "a State law is not inconsistent with [the FDCPA] if the protection such law affords any consumer is greater than the protection provided by [the FDCPA]." 15 U.S.C. § 1692n. If the FDCPA itself incorporated applicable state and local law,

that clarification would be unnecessary. Accordingly, we join every other Circuit Court to have considered the question in concluding that violations of state and local debt collection statutes are not per se actionable under the FDCPA. *See Currier v. First Resolution Inv. Corp.,* 762 F.3d 529, 537 (6th Cir.2014) (stating that "Congress did not turn every violation of state law into a violation of the FDCPA"); *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1192 (11th Cir.2010) (holding that "the conduct or communication at issue must also violate the relevant provision of the FDCPA," and not merely a state-law provision); *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 474 (7th Cir.2007) (holding that § 1692f "does not take a state-law dispute and move it to federal court"); *Carlson v. First Revenue Assurance,* 359 F.3d 1015, 1018 (8th Cir.2004) (stating that the FDCPA "was not meant to convert every violation of a state debt collection law into a federal violation"); *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.1996) (disagreeing "that debt collection practices in violation of state law are per se violations of the FDCPA")."

Contrary to Defendants' argument, the Amended Complaint does not allege that Defendants violated the FDCPA as a direct result of their non-compliance with NY CPLR 308. For example, the Amended Complaint does not allege that Defendants violated the FDCPA by failing to serve Plaintiff in compliance with NY CPLR 308. Also, for example, the Amended Complaint does not allege that Defendants improperly procured the Judgment by failing to comply with NY CPLR 308. Also, in contrast to *Gallego*, Plaintiff in the case at bar does not allege that Defendants violated the FDCPA based on any standards of conduct set forth in NY CPLR 308. Instead, as set forth above, the Amended Complaint alleges a violation of the FDCPA based on an attempt enforce a Judgment in the absence of any legal right to enforce the Judgment. In other words, any alleged violation of the FDCPA is based on an action which occurred after any non-compliance with NY CPLR 308 and which action in and of itself violated the FDCPA. See *Romea v. Heiberger & Associates*, 163 F.3d 111, (C.A.2 (N.Y.), 1998):

> Second, Heiberger's statement misses the point. It is the provisions of the FDCPA that by and of themselves determine what debt collection activities are improper under federal law. If the statute applies to Heiberger's letter and the letter does not comply with the FDCPA's requirements, then by definition it constitutes an improper debt collection activity under federal law." Romea, supra at 118-119.

Furthermore, a failure to comply with state law has been held to be the basis for violations of other provisions of the FDCPA as long as the violation of the state law results in a debt collection practice which is for example "false, deceptive, or misleading". For example, New York State Law requires a judgment debtor to be notified by the assignor of the assignment of a judgment as a prerequisite for the assignee to enforce the judgment. The court in *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d 636 (S.D.N.Y., 2013); and *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.* 14-CV-7539 (MKB) (E.D.N.Y., 2016) both found violations of 1692e based on a debt collector attempting to enforce a judgment on behalf of an assignee in the absence of notification to the judgment debtor by the assignor of the assignment. See also *Madden v. Midland Funding, LLC* 11-cv-8149 (CS) (S.D.N.Y., 2017):

> "Plaintiff is correct that predicating FDCPA claims on violations of state usury laws "is a well-established theory of FDCPA liability." (P's Supp. Mem. 7.) *See Stratton v. PortfolioRecovery Assocs., LLC*, 770 F.3d 443, 450-51 (6th Cir. 2014) (attempting to collect interest without right to do so could be violation of §§ 1692e(2), (5) and § 1692f(1)); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 406-08 (3d Cir. 2000) (collecting interest at usurious rate, *i.e.*, rate prohibited by state law, constitutes violation of § 1692f(1)); *Gerstle v. Nat'l Credit Adjusters, LLC*, 76 F. Supp. 3d 503, 512 (S.D.N.Y. 2015) (attempting to collect usurious debt "constitutes an unlawful threat under the FDCPA"); *see also Tuttle v. Equifax Check Servs.*, 190 F.3d 9, 13 (2d Cir. 1999) (under § 1692f(1), "[i]f state law expressly prohibits service charges, a service charge cannot be imposed even if the contract allows it")."

Defendants also argue for a dismissal based on the absence of any intent or knowledge as regards the non-service or defect in service. However, a debt collector's intent or knowledge has no relevance under the FDCPA. See *Arias*, supra:

> "The FDCPA is a strict liability statute: The plaintiff "does not need to show intentional conduct on the part of the debt collector." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010)."

For a further explanation of the strict liability nature of the FDCPA see *Marisco v. NCO Fin. Sys., Inc.*, 946 F.Supp.2d 287, 293 (E.D.N.Y., 2013):

> "The FDCPA is a strict liability statute, which conflicts with requiring deliberate or purposeful intent. *Id.* In addition, while the FDCPA is generally a strict liability statute, 'Congress took care to require an element of knowledge or intent in certain portions of the FDCPA where it deemed such a requirement necessary' .... *see, e.g.,* 15 U.S.C. § 1692d(5)('Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously *with intent* to annoy, abuse, or harass any person at the called number.') (emphasis added); 15 U.S.C. § 1692f(3) ('The solicitation of a debt collector of any postdated check ... *for the purpose* of threatening or instituting criminal prosecution.') (emphasis added); 15 U.S.C. § 1692c ('a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place ... *known or which should be known* to be inconvenient to the consumer.') (emphasis added). *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1176 n. 11 (9th Cir.2006), (citation omitted) (emphasis in original). Thus, if Congress had intended to engraft an "intent" or "knowledge" element to state a cause of action under 15 U.S.C. § 1692c(b), it clearly would have done so. *Andrus v. Glover Constr. Co.,* 446 U.S. 608, 616–617, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."). The bona fide error defense pursuant to 15 U.S.C. § 1692k(c) provides further support for not reading an "intent" element into 15 U.S.C. § 1692c(b). "If violations of the FDCPA required deliberate or purposeful intent, then the bona fide error defense's 'not intentional' element would tend toward surplusage." *Zortman,* 819 F.Supp.2d at 880. In this vein, the plaintiff need not plead intent to state a cause of action; rather, the question of whether the third-party disclosure here was intentional or unintentional is more appropriately reserved, if at all, for a motion for summary judgment or at trial."

See further *Moukengeschaie*, supra:

> "Liability under the FDCPA does not require intent, as the statute imposes a standard of strict liability. *Russell*, 74 F.3d at 33 ("Because the [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."); *Bentley v. Great Lakes Collection Bureau, Inc*., 6 F.3d 60, 63 (2d Cir. 1993) ("The FDCPA is astrict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." (citations omitted))."

**STATUTE OF LIMITATIONS**

The Amended Complaint is not barred by the FDCPA's statute of limitations since the alleged violation is issuing an Income Execution within one year prior to the start of this action

to enforce a void Judgment rather than an act that occurred in the process of obtaining the void Judgment.  *McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81 (2d Cir. 2016):

> "at a minimum, a plaintiff's FDCPA cause of action cannot begin to run before the alleged violations themselves were committed"

See also *McCrobie v. Palisades Acquisition XVI, LLC*, No. 15-CV-18, 2016 WL 1178584, at *4 (W.D.N.Y. Mar. 25, 2016):

> "Plaintiff claims that defendants' attempt to collect the judgment on behalf of Palisades without proof of a valid assignment constitutes false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of several provisions of the FDCPA and NYGBL § 349, causing plaintiff to suffer economic and emotional harm [ ]. … Defendants primary argument for Rule 12(b)(6) dismissal is that plaintiff's FDCPA claims are untimely under 15 U.S.C. § 1692k(d), which requires that an action to enforce "any liability created by" the statute must be brought "within one year from the date on which the violation occurs."[6] *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) (motion to dismiss an action as barred by statute of limitations "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted"); *see also DeJesus v. BAC Home Loans Servicing, LP*, 2014 WL 4804999, at * 4 (E.D.N.Y. Sept. 26, 2014). Defendants maintain that even if the factual allegations in the First Amended Complaint are accepted as true and all reasonable inferences are drawn in favor of plaintiff, plaintiff's cause of action for violation of the FDCPA would have accrued, at the latest, on March 8, 2007, when the default judgment was obtained in Buffalo City Court, and therefore, this action-filed more than seven years later on January 6, 2015-is untimely. Plaintiff contends that his FDCPA cause of action accrued on August 28, 2014, the date on which an employee of defendant Houslanger & Associates signed the Income Execution (*see* Dkt. ##19-8), or later on or about October 7, 2014, when plaintiff claims to have been made aware of the "violation" upon service of the Income Execution at his place of employment (*Id.* at ¶¶ 21-23). … Courts within the Second Circuit that have considered the issue have regularly held that in determining the date on which the "violation" occurs for purposes of accrual of a cause of action under the FDCPA, "there is no question that the latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) (citing *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 n. 2 (2d Cir. 1992)). An "unlawful communication" includes either (1) a debt collection letter/notice, or (2) service of a summons and complaint by a debt collector. *See, e.g., Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53, 57 (D.Conn. 2011) (listing cases); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 126 (2d Cir. 2002) (noting that the statute of limitations for FDCPA violations begins to run either upon serving a summons

> and complaint or the mailing of a debt collection notice).  In this case, accepting as true the operative factual allegations and drawing all reasonable inferences in plaintiff's favor, plaintiff has at least plausibly alleged sufficient facts to provide a basis for finding that the FDCPA "violation" occurred, and the one-year period began to run, as of August 28, 2014, the date on which an employee of defendant Houslanger & Associates signed the allegedly invalid N.Y.C.P.L.R. § 5231 Income Execution (*see* Dkt. #19-8, p. 1; Dkt. #28, p. 4), or later on or about October 7, 2014, when plaintiff claims to have been made aware of the "violation" upon service of the Income Execution at his place of employment (Dkt. #7, ¶¶ 21-23).  Since both of these dates fall within the limitations period of section 1692k(d), the court declines the invitation to dismiss plaintiff's FDCPA cause of action as untimely.  This finding is not to suggest, however, that plaintiff's cause of action for violation of the FDCPA has nothing to do with the circumstances of the default judgment obtained in the state court debt collection action. Rather, the very basis for plaintiff's claim in federal court is the central allegation that defendants pursued state law post-judgment remedies to enforce the default judgment without authorization to do so-an argument directly and undeniably tied to the validity of the state court judgment itself."

See further *Benzemann v. Citibank N.A.*, 806 F.3d 98, 101:

> "When the injury occurs, the injured party has the right to bring suit for all of the damages, past, present and future, caused by the defendant's acts." *Leonhard v. United States,* 633 F.2d 599, 613 (2d Cir.1980)."

In the case at bar, the injuries alleged in paragraph 28 of the Amended Complaint did not occur until the issuance of the Income Execution.

The case at bar and *McCrobie* supra are in contrast with *Scott v. Greenberg* 15-CV-05527 (MKB) (E.D.N.Y., 2017):

> "As pled, Plaintiff does not allege that the income execution, in and of itself, or Greenberg's utilization of judgment collection remedies violates the FDCPA. … Rather, the only alleged FDCPA violation as to the income execution — the misrepresentation by Russel — occurred outside of the statute of limitations and, accordingly, Plaintiff's claim is not timely."

Dated:	January 23, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255, Huntington, NY 11743, (631) 629-7709