UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MINNIE KONG, | |
| | Plaintiff, |
| -v- | |
| LINDA STRUMPF *and* U.S. EQUITIES CORP., | |
| | Defendants. |

No. 17-cv-3514 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff Minnie Kong brings this suit against Defendants U.S. Equities Corp. and Linda Strumpf, alleging that Defendants violated Sections 1692e and 1692f of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, when they attempted to enforce a default judgment entered against Plaintiff in 2004 in the Civil Court for the City of New York. Now before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim, and, in the alternative, for summary judgment. For the reasons set forth below, Defendants' motion to dismiss is GRANTED and Defendants' alternative motion for summary judgment is DENIED as moot.

I. BACKGROUND[1]

In 2001, Plaintiff Minnie Kong incurred $16,906.73 in credit card debt that she never paid

---

[1] The following facts, unless otherwise noted, are drawn from Plaintiff's First Amended Complaint and the documents filed with that pleading. (Doc. No. 21 (the "Complaint" or "Compl.").) *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). In resolving Defendants' motion, the Court has also considered Defendants' memorandum of law in support of their motion to dismiss (Doc. No. 28 ("Mem.")), Plaintiff's memorandum in opposition to that motion (Doc. No. 31 ("Opp'n")), and Defendants' reply in support of their motion (Doc. No. 32 ("Reply")). Because the Court must accept Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in Plaintiff's favor, *see ATSI Commc'ns*, 493 F.3d at 98, the Court does not consider Defendants' Local Civil Rule 56.1 Statement of Material and Undisputed Facts (Doc. No. 27) or any of the documents attached to declarations filed in support thereof (*see* Doc. Nos. 25 (Declaration of Brett A. Scher), 26 (Declaration of

off. (Compl. ¶ 17; Doc. No. 21-1.) In 2003, her credit card company assigned that debt to Defendant U.S. Equities, (Compl. ¶ 10; Doc. No. 21-1), a business principally engaged in the collection of debts (Compl. ¶ 12). On January 12, 2004, U.S. Equities – represented by Defendant Linda Strumpf, an attorney – sued Kong in the Civil Court for the City of New York (the "State Court Action"). (*Id.* ¶ 20; *see also* Doc. No. 26-1 (the "State Court Complaint").) Defendants caused the State Court Complaint to be served via process server at an address on Essex Street in Manhattan. (Doc. No. 21-3 at 4 ¶ 2; Doc. No. 21-3 Ex. 3.) Although a facially-valid affidavit of service was filed in the State Court Action (*see* Doc. No. 21-3 Ex. 3), Plaintiff asserts that at the time of service she actually lived on Mott Street (Compl. ¶ 5; Doc. No. 21-3 Ex. 1 ¶ 6), and thus she "was never served with the State Court Action" (Compl. ¶ 21) and did not know that it was pending (Doc. No. 21-3 Ex. 1 ¶ 3). Consequently, Plaintiff did not respond to the State Court Action, and on July 30, 2004, the Civil Court entered a default judgment in favor of U.S. Equities (the "Default Judgment") in the amount of $21,739.97 (the full $16,906.73 claimed in the complaint plus interest and costs). (Compl. ¶ 23; *see also* Doc. No. 26-4.)

On May 13, 2016, nearly twelve years after the Default Judgment was issued, Defendants issued an "Income Execution" against Plaintiff, garnishing her wages to satisfy the Default Judgment. (Compl. ¶ 27; Doc. No. 21-2.) On July 7, 2016, Plaintiff moved for an order to show cause in the Civil Court, seeking to vacate the Default Judgment on the basis of improper service. (Doc. No. 21-3.) On October 27, 2016, the parties stipulated to dismissal of the State Court Action. (Doc. No. 26-9.)

Plaintiff initiated this action by filing a complaint on May 11, 2017, alleging that Defendants' efforts to enforce the Default Judgment violated the FDCPA. (Doc. No. 1.) Plaintiff

---

Linda Strumpf)), except to the extent the Court may take judicial notice of the attached documents.

filed the operative amended complaint, which asserts that Defendants violated Sections 1692e and 1692f of the FDCPA, on November 6, 2017.  (Doc. No. 21.)  On December 15, 2017, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56.  (Doc. No. 24.)  The motion was fully briefed on February 7, 2018.  (Doc. No. 32.)

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").  To meet this standard, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  *ATSI Commc'ns*, 493 F.3d at 98.  However, that tenet "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed."  (*Id*. at 570.)

## III. DISCUSSION

Congress enacted the FDCPA "to protect consumers from deceptive or harassing actions

3

taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002). The statute "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008). To recover under the FDCPA, Plaintiff must plead (and ultimately prove) that (1) she is a "consumer" who owes a "debt" covered by the statute, (2) that Defendants – who collected the debt – each qualify as a "debt collector," and (3) that Defendants used either a "false, deceptive, or misleading representation or means in connection with the collection of [the] debt" in violation of 15 U.S.C. § 1692e or "unfair or unconscionable means to collect or attempt to collect [the] debt" in violation of 15 U.S.C. § 1692f. *See Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014). The parties do not dispute that Plaintiff is a "consumer," that the amounts owed are a "debt," and that Defendants are "debt collector[s]" as those terms are defined in the FDCPA. *See* 15 U.S.C. § 1692a(3), (5), and (6). Accordingly, for purposes of this motion, Plaintiff has properly alleged the first and second elements of an FDCPA violation.

With respect to the third element, although Plaintiff does not dispute that the Default Judgment was entered against her (Compl. ¶¶ 22–23), she nevertheless asserts that she "never was served with the State Court Action as required by New York State Law" (*id.* ¶ 21) and that the Default Judgment was therefore "void" *ab initio* (*id.* ¶ 24). Accordingly, Plaintiff maintains that Defendants lacked the "legal right or authority" to enforce the Default Judgment and thus violated Sections 1692e and 1692f when they issued the Income Execution in 2016. (*Id.* ¶¶ 25–28.)

As an initial matter, the Court must address the jurisdictional issue raised by Plaintiff's assertion that the State Court Judgment was "void" *ab initio*. *See Lebron v. Nat'l R.R. Passenger Corp. (Amtrak)*, 69 F.3d 650, 659 (2d Cir. 1995) ("The federal courts are under an independent obligation to examine their own jurisdiction." (quoting *United States v. Hays*, 515 U.S. 737, 742 (1995))). Ordinarily, federal courts are barred from exercising jurisdiction "over claims that

4

effectively challenge state court judgments" under the *Rooker-Feldman* doctrine. *Kropelnicki*, 290 F.3d at 128, 129 (recognizing that the doctrine generally applies "if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void"). Here, however, the State Court Judgment had already been vacated by the parties' stipulation of dismissal before Plaintiff filed this suit. (*See* Doc. No. 26-9.) Moreover, the Second Circuit has held that "claims sounding under the FDCPA . . . speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015). Accordingly, the Court is satisfied that it has jurisdiction to hear this case.

Nevertheless, Defendants are correct that Plaintiff fails to state a claim for which relief might be available. Under New York law, "[a] party against whom a default judgment is entered without obtaining jurisdiction over his person" may challenge the validity of the judgment "whenever enforcement is attempted." *All Terrain Props., Inc. v. Hoy*, 705 N.Y.S.2d 350, 354 (1st Dep't 2000) (quoting *Boorman v. Deutsch*, 547 N.Y.S.2d 18, 21 (1st Dep't 1989)). If that challenge is successful, the default judgment is rendered null and void, and is deemed to have been void all along. *See McCord v. Larsen*, 18 N.Y.S.3d 458, 459 (3d Dep't 2015). However, in the interim, "the judgment . . . is presumptively valid until reversed or set aside." *All Terrain Props.*, 705 N.Y.S.2d at 354 (citing *Hughes v. Cuming*, 165 N.Y. 91, 94–95 (1900) ("As the order was made by a court of general jurisdiction, and there was no proof, either of record or otherwise, to show that every step essential to jurisdiction of the parties was not duly taken, the presumption is that such a court proceeded to judgment only after acquiring jurisdiction by the service of all notices actually necessary.")).

Here, Plaintiff challenged the validity of the Default Judgment in July 2016 (Doc. No. 21-3), and the Default Judgment was not vacated until October 27, 2016 – nearly six months after

5

Defendants attempted to garnish Plaintiff's wages through the Income Execution (Doc. No. 26-9). Accordingly, Defendants issued the Income Execution on the basis of a presumptively-valid judgment that had been duly issued by the Civil Court.  Without more, Plaintiff cannot show that Defendants' attempt to collect the then-valid judgment was unfair or deceptive under the FDCPA.

Of course, courts have recognized that an attempt to enforce a *fraudulently-obtained* default judgment may be sufficient to state an FDCPA claim.  *See, e.g.*, *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 550 (S.D.N.Y. 2013); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 530–32 (S.D.N.Y. 2013) (concluding that plaintiff stated a claim under Section 1692f where defendants continued to enforce a judgment that had been vacated by subsequent court order); *see also Kitchens v. Lent*, No. 1:17-cv-00672-DAD-SKO, 2017 WL 5151206, at *3 (E.D. Cal. Nov. 7, 2017) (concluding that plaintiff adequately alleged an FDCPA violation where "Defendant knew or should have known of its service error prior to obtaining a default judgment against Plaintiff").  Here, however, Plaintiff has not alleged that Defendants engaged in any sort of fraud, and in fact concedes that "the Amended Complaint does not allege that Defendants improperly procured the [Default] Judgment." (Opp'n at 5.)  In fact, Plaintiff has not alleged that Defendants knew that she had not been properly served at the time they sought the Default Judgment, at the time they issued the Income Execution in May 2016, or at any time prior to Plaintiff's motion to vacate the Default Judgment in July 2016.  In New York, a process server's affidavit creates a rebuttable presumption of valid service, *Madison Acquisition Grp., LLC v. 7614 Fourth Real Estate Dev., LLC*, 975 N.Y.S.2d 349, 350 (2d Dep't 2013), and Plaintiff merely asserts that Defendants attempted to enforce a duly issued New York Supreme Court judgment obtained on the basis of service that Defendants incorrectly believed to be effective.  Not surprisingly, courts around the country have recognized that such conduct does not violate Sections 1692e or 1692f. *See, e.g., Thurow v. Prof'l Fin. Co., Inc.*, No. 16-cv-02000-KLM, 2017 WL 2864936, at *3–6 (D.

6

Colo. July 5, 2017) (dismissing claims under Sections 1692e(5), 1692e(10) and 1692f where "[t]he only alleged actions taken by Defendant were performing ineffective service and seeking a default judgment after Defendant received an affidavit of service"); *see also, e.g.*, *Briscoe v. Cohen, McNeile & Pappas, P.C.*, No. 14-2146-DDC-KGG, 2014 WL 4954600, at * 5–9 (D. Kan. Oct. 1, 2014) (collecting cases and dismissing an FDCPA claim based on allegations that the defendant "fail[ed] to effect service properly, obtain[ed] default judgment[t], and execut[ed] upon [the] judgment[t]").  Significantly, Plaintiff cites no contrary authority establishing that Defendants' attempt to enforce a presumptively-valid judgment constituted the sort of "false, deceptive, or misleading" or "unfair or unconscionable" conduct that is covered by the FDCPA.  Accordingly, Plaintiff has failed to plead a violation of the FDCPA and her complaint must be dismissed.[2]

IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED and Defendants' alternative motion for summary judgment is DENIED as moot.  The Clerk of Court is respectfully directed to terminate the motion pending at docket number 24 and to close this case.

SO ORDERED.

Dated:      September 21, 2018
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[2] Defendants argue at length that Plaintiff's complaint is barred by the one-year statute of limitations set out in 15 U.S.C. § 1692k(d). (Mem. at 4–11.)  However, because the statute of limitations is an affirmative defense, dismissal is appropriate only if the basis for the defense is apparent on the face of the complaint.  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).  The Court is not convinced that Plaintiff's complaint is facially untimely, but since Plaintiff fails to state a claim in any event, the Court need not address this issue.